IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| VERNARD BROWN, JR., #2040544 | § | |
| VS. | § | CIVIL ACTION NO. 6:21cv430 |
| MAILROOM SUPERVISOR | § | |

REPORT AND RECOMMENDATION OF THE
UNITED STATES MAGISTRATE JUDGE

Plaintiff Vernard Brown, a prisoner currently confined at the Polunsky Unit within the Texas Department of Criminal Justice proceeding *pro se* and *in forma pauperis*, filed this civil rights lawsuit pursuant to 42 U.S.C. § 1983. The cause of action was referred to the undersigned United States Magistrate Judge for findings of fact, conclusions of law, and recommendations for the disposition of the case.

For reasons explained below, the Court recommends that Plaintiff's lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

**I. Brown's Complaint and Response to Court's Order**

Brown alleges that Defendant Mailroom Supervisor violated his constitutional rights by delaying the delivery of his legal mail. Specifically, he maintains that he appealed another case, number 6:19cv332, to the United States Court of Appeal for the Fifth Circuit in February 2021. He explains that he received notice from the Fifth Circuit regarding the deadline to file his brief in support of his motion to procced *in forma pauperis* in appellate case number 21-40088 "over 2 months late"—and that "the notice that the inmate account statement had been received and reminding me of the deadline was not delivered to me until the notice that the case was being dismissed for want of prosecution," (Dkt. #1, pg. 7). He argues that because his legal mail was

1

delayed at the prison, he "was not able to file the required brief on time, and why [his] appeal was dismissed" for the failure to submit the filing fee. *Id*.

After recognizing that the Fifth Circuit subsequently reinstated Brown's appeal on Brown's own motion, this Court directed Brown to file a response explaining how he was harmed by the actions of the Defendant(s). In his response, Brown states that his allegation is that he "did not receive notice of the requested brief until after the court dismissed the appeal"—and the fact that the Fifth Circuit reinstated his appeal is irrelevant because "the harm was done." He contends that the Fifth Circuit's dismissal of his appeal on June 21, 2021, constituted harm.

## II. Legal Standards

Under 28 U.S.C. § 1915A, a court shall review any complaint in a civil action wherein a prisoner seeks redress from a governmental entity or officer, or employee of a governmental entity. During its review, the court must identify cognizable claims or dismiss the complaint or any portion thereof if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915A(b)(1).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Samford v. Dretke*, 562 F.3d 674, 678 (5th Cir. 2009). The Fifth Circuit has held that a complaint lacks an arguable basis in fact when "the facts alleged are fantastic or delusional scenarios or the legal theory upon which a complaint relies is indisputably meritless." *Id*. (quoting *Harris v. Hegmann*, 198 F.3d 153, 156 (5th Cir. 1999) (internal quotation marks omitted)).

Moreover, a complaint fails to state a claim upon which relief may be granted where it does not allege sufficient facts which, taken as true, state a claim which is plausible on its face and thus does not raise a right to relief above the speculative level. *See Montoya v, FedEx Ground Packaging Sys. Inc.*, 614 F.3d 145, 149 (5th Cir. 2010) (citing *Bell Atl. Corp. v. Twombly*, 550

2

U.S. 544, 555 (2007)). A claim has factual plausibility when the pleaded factual content allows the court to draw reasonable inferences that the defendant is liable for the misconduct alleged. *See Hershey v. Energy Transfer Partners, L.P.*, 610 F.3d 239, 245 (5th Cir. 2010); *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). This plausibility standard is **not** akin to a probability standard; rather, the plausibility standard requires *more than the mere possibility* that the defendant has acted unlawfully. *Twombly*, 550 U.S. at 556 (emphasis supplied).

Although all well-pleaded facts are taken as true, the district court need not accept true conclusory allegations, unwarranted factual inferences, or legal conclusions. *See Whatley v. Coffin*, 496 F. App'x 414 (5th Cir. Nov. 7, 2012) (citing *Plotkin v. IP Axess Inc.*, 407 F.3d 690, 696 (5th Cir. 2005)). Crucially, while the federal pleading rules do not require "detailed factual allegations," the rule does "demand more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 556 U.S. at 678. A pleading offering "labels and conclusions" or a "formulaic recitation of the elements of a cause of action" will not suffice, nor does a complaint which provides only naked assertions that are devoid of further factual enhancement. *Id*.

**III. Discussion and Analysis**

The Court understands that Brown alleges that Defendant Mailroom Supervisor violated his constitutional right to access the court by delaying his legal mail, which caused the Fifth Circuit to dismiss his appeal in June 2021.

Prisoners have the constitutional right to access legal materials, and prison officials may not deny inmates access to courts. *See Clewis v. Hirsch*, 700 F. App'x 347, 348 (5th Cir. 2017) (citing *Bounds v. Smith*, 430 U.S. 817, 821 (1977)). The Supreme Court has stated that the right encompasses no more than the ability of an inmate to prepare and transmit a *necessary* legal document to the court. *Id*. (citing *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993) (internal

quotations and footnote omitted)); *see also Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999) (explaining that the right "encompasses only a reasonably adequate opportunity to file nonfrivolous legal claims challenging their convictions or conditions of confinement.").

However, prisoners must demonstrate an actual injury to demonstrate a violation of this right. *Lewis*, 518 U.S. at 351; *see also Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (explaining that the Supreme Court, in *Lewis*, "held that an inmate alleging denial of access to courts must demonstrate an actual injury stemming from defendants' unconstitutional conduct."). Similarly, a plaintiff claiming a denial of access to courts through mail tampering must show that his legal position has been prejudiced by the alleged mail tampering. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993).

When examining whether a plaintiff has experienced "actual injury," the Supreme Court has provided examples of circumstances that might show a denial of access to court:

> [The prisoner] might show, for example, that a complaint he prepared was dismissed for failure to satisfy some technical requirement which, because of deficiencies in the prison's legal assistance facilities, he could not have known. Or that he had suffered some arguably actionable harm that he wished to bring before the courts, but was so stymied by inadequacies of the law library that he was unable even to file a complaint.

*Lewis*, 518 U.S. at 351; *see also McIntosh v. Thompson*, 463 F. App'x 259, 260-61 (5th Cir. 2012) (unpublished) ("Even if McIntosh's constitutional rights had been restricted, he failed to allege sufficiently that he suffered an injury in fact, which is required to state a claim for denial of meaningful access to courts.").

Importantly, the question is whether the plaintiff's "position as a litigant was prejudiced" as a direct result of the alleged denial. *See, e.g.*, *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (reasoning that "if Eason was pursuing a legal action which necessitated his use of the law library and access to the library was denied, this deprivation could represent a violation of his

4

constitutional rights."); *Torres v. Bullock*, 2021 WL 2451326, at *4 (S.D. Tex. Apr. 6, 2021) ("In particular, to succeed on a claim of denial of access to courts, a plaintiff must show that he lost an actionable or nonfrivolous claim or was prevented from presenting such a claim because of the alleged denial.").

The Fifth Circuit explained that "[d]enial of access claims take one of two forms: forward-looking claims alleging 'that systemic official action frustrates a plaintiff or plaintiff class in preparing and filing suits at the present time,' and backward-looking claims alleging that an official has 'caused the loss or inadequate settlement of a meritorious case, the loss of an opportunity to sue, or the loss of an opportunity to seek some particular order of relief.'" *See Waller v. Hanlon*, 922 F.3d 590, 601 (5th Cir. 2019) (quoting *Christopher v. Harbury*, 536 U.S. 403, 417-18 (2002)).

Here, Brown fails to show actual injury—namely, that his legal position was prejudiced by the alleged mail delay. *See Walker v. Navarro Cnty. Jail*, 4 F.3d 410, 413 (5th Cir. 1993). While he argues that the Mailroom Supervisor caused the Fifth Circuit to dismiss his appeal for the failure to submit the filing fee, the dockets show that Brown's failure to submit the appellate filing fee after his appeal was reinstated resulted in the dismissal of his appeal.

Brown misunderstands what occurred in his cases. A review of the docket in appellate case number 21-40088 shows that the Fifth Circuit dismissed Plaintiff's appeal on June 1, 2021, for his failure to file a brief in support of his motion for leave to proceed *in forma pauperis*. Brown is complaining that he failed to receive notice to file his brief, resulting in the dismissal.

However, Brown filed a motion to reopen his appeal in late June 2021. The Fifth Circuit granted the motion on September 15, 2021, reinstating the appeal. Brown filed his appellate brief in support of his motion to proceed in *forma pauperis* on September 15, 2021. On March 29, 2022, the Fifth Circuit denied his motion to proceed *in forma pauperis* and ordered the appellate filing

5

fee no later than April 28, 2022. On May 20, 2022, the Fifth Circuit dismissed the appeal for the failure to pay the fee. The Fifth Circuit docket, therefore, shows that Brown filed his appellate brief—and, after a review, the Fifth Circuit denied his motion and ordered the appellate filing fee. When Brown failed to pay the fee, the Fifth Circuit then dismissed the appeal on May 20, 2022. *See* case number 21-40088.

The crux of Brown's complaint is his contention that the Mailroom Supervisor delayed his mail, which then caused him not to file his brief on time and the Fifth Circuit to dismiss his appeal in June 2021. But because his appeal was reinstated and his brief was filed, Brown cannot demonstrate that his status as a litigant was prejudiced by the delay in receiving his legal mail prior to the reinstatement of the appeal.

After reinstating Brown's appeal and receiving his appellate brief, the Fifth Circuit determined that Brown failed to demonstrate that he lacked funds and denied his motion to proceed *in forma pauperis*. Given that the Fifth Circuit rejected Brown's motion to proceed *in forma pauperis* on the merits and ordered him to submit the filing fee, Brown failed to establish that his status as a litigant was prejudiced by failing to file his brief. In other words, Brown failed to show that he was harmed by the initial dismissal of his appeal before reinstatement. Brown was not prevented from litigating his appeal; instead, he failed to comply with the Fifth Circuit's order. He has not shown actual injury, and thus failed to state a claim for the denial of access to courts upon which relief may be granted.

## RECOMMENDATION

It is thus recommended that Plaintiff Brown's civil rights lawsuit be dismissed, with prejudice, for the failure to state a claim upon which relief may be granted.

Within fourteen (14) days after receipt of the Magistrate Judge's Report, any party may serve and file written objections to the findings and recommendations contained in the Report.

A party's failure to file written objections to the findings, conclusions and recommendations contained in this Report within fourteen days after being served with a copy shall bar that party from *de novo* review by the district judge of those findings, conclusions and recommendations and, except on grounds of plain error, from appellate review of unobjected-to factual findings and legal conclusions accepted and adopted by the district court. *Douglass v. United Servs. Auto Ass'n*, 79 F.3d 1415, 1430 (5th Cir. 1996) (*en banc*).

So ORDERED and SIGNED this 11th day of October, 2023.

K. NICOLE MITCHELL
UNITED STATES MAGISTRATE JUDGE